UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>             Plaintiff,<br><br>     v.<br><br>CHRISTINA STRONACH,<br><br>             Defendant. | No. 1:24-cv-00548-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on May 9, 2024, along with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.)

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious

1  physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir.

2  2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this

3  section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

4  facility, brought an action or appeal in a court of the United States that was dismissed on the

5  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

6  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

7  A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g)

8  and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the

9  complaint was filed, under imminent danger of serious physical injury. The Court takes judicial

10 notice[1] of the following United States District Court cases: (1) Wilson v. Tilton, No. 2:06-cv-

11 01031-LKK-PAN (E.D. Cal.) (dismissed for failure to state a cognizable claim on September 12,

12 2006); (2) Wilson v. Schwartz, No. 2:05-cv-01649-GEB-CMK (E.D. Cal.) (dismissed for failure

13 to state a cognizable claim on October 31, 2006); (3) Wilson v. Dovey, No. 2:06-cv-01032-FCD-

14 EFB (E.D. Cal.) (dismissed for failure to state a cognizable claim on March 8, 2007); (4) Wilson

15 v. Veal, No. 2:06-cv-00067-FCD-KJM (E.D. Cal.) (dismissed for failure to state a cognizable

16 claim for relief on June 4, 2007).[2]

17 The issue now becomes whether Plaintiff has met the imminent danger exception, which

18 requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and

19 which turns on the conditions he faced at the time he filed his complaint on May 8, 2024.[3]

20 Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some

21 earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is

22 merely procedural rather than a merits-based review of the claims, the allegations of imminent

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

[2] See also Wilson v. California State Prison Corcoran, No. 1:18-cv-00424-DAD-JDP (PC) (E.D. Cal.) (finding plaintiff suffered three or more strikes and denying in forma pauperis).

[3] The "mailbox rule" announced by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), applies to section 1983 cases. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Pursuant to the mailbox rule, pro se prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. Id. The proof of service attached to the Complaint is dated May 8, 2024, which the Court adopts as this action's constructive filing date.

1 danger must still be plausible. Id. at 1055.

2 Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing. In the instant complaint, although the allegations are somewhat difficult to decipher, Plaintiff contends that registered nurse Stronach has previously applied the blood pressure cuff on too tightly, he has been denied a pair of glaucoma glasses, removal from his GED class, and eye drops. These allegations are insufficient to demonstrate that the dispute about the proper treatment placed Plaintiff in imminent danger of serious physical injury. See Andrews, 493 F.3d at 1053. Plaintiff cannot demonstrate imminent danger by objecting to treatment by nurse Stronach (or any other medical professional) because she previously placed the blood pressure cuffs on too tightly. Plaintiff's conclusory allegation as to nurse Stronach is insufficient to support an exception to the three strikes rule. See id. at 1057 n. 11; see also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (conclusory assertions are insufficient to satisfy exception to § 1915(g)); White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (same). Indeed, Plaintiff's allegations demonstrate that he was offered evaluation by registered nurses to which he objected which cannot support a finding of imminent danger. Accordingly, Plaintiff has not established he "faced 'imminent danger of serious physical injury' at the time of filing." Andrews, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Therefore, Plaintiff does not establish an exception to the three-strikes rule of § 1915(g), and he is precluded from proceeding in forma pauperis in this action.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $405.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen**

**(14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2024**

UNITED STATES MAGISTRATE JUDGE