UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTINA STRONACH,<br><br>　　　　　Defendant. | No.  1:24-cv-00548-KES-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>Docs. 2, 8, 9 |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the instant action on May 9, 2024, along with a motion to proceed in forma pauperis.[1]  Docs. 1, 2.  On May 10, 2024, the assigned magistrate judge issued findings and recommendations that plaintiff's application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the $405.00 filing fee in full to proceed with this action.  Doc 8.  Specifically, the findings and recommendations find that plaintiff has accumulated more than three "strikes" and that he has failed to demonstrate that he meets the imminent danger exception under 28 U.S.C. § 1915(g).  *Id.* at 2–3.  On May 22, 2024, plaintiff

---

[1] On May 13, 2024, plaintiff filed another motion to proceed in forma pauperis.  Doc. 9.  The second motion replicated the original motion, filed at Doc. 2, but also attached an inmate statement report.

1

filed objections to the findings and recommendations.  Doc. 11.

In his objections, plaintiff appears to argue that he qualifies for in forma pauperis status under the "imminent danger" requirement under 28 U.S.C. § 1915(g), notwithstanding his three prior strikes, because defendant Stronach denied him proper medical treatment. *Id.* at 2. However, as correctly noted in the findings and recommendations, plaintiff's allegations regarding his medical treatment – that defendant applied a blood pressure cuff too tightly, and that plaintiff was denied a pair of glaucoma glasses and eye drops and was removed from his GED class – do not establish plaintiff faced an imminent danger of serious physical injury.  With his objections, plaintiff attaches an inmate grievance response, dated January 6, 2023, stating that plaintiff was enrolled in the Chronic Care Program and indicating that plaintiff's medical conditions and medication needs were being monitored, that a plan of care was in place, and that the primary care provider had discussed the plan with him. *Id* at 26*.*  Plaintiff does not establish that he faced an "imminent danger" at the time he filed the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

In accordance with of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case.  Having carefully reviewed the file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

//

///

///

///

///

///

///

///

///

///

///

ACCORDINGLY, IT IS ORDERED:

1. The findings and recommendations issued on May 10, 2024, Doc. 8, are ADOPTED in full;
2. Plaintiff's motions to proceed in forma pauperis, Docs. 2, 9, are DENIED; and
3. Plaintiff SHALL pay the $405.00 filing fee within thirty (30) days of the date of service of this order. If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated:   March 2, 2025

UNITED STATES DISTRICT JUDGE

3