**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. WILSON, | Case No. 1:24-cv-0548 KES SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION (Docs. 14, 15) |
| v. | |
| CHRISTINA STRONACH, | ORDER DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN 21 DAYS |
| Defendants. | |

David W. Wilson seeks to proceed *in forma pauperis* in this civil rights action, in which he asserts Christina Stronach, a registered nurse, was deliberately indifferent to his serious medical needs in violation of the Eight Amendment. *See* Docs. 1, 2, 9. The Court ordered Plaintiff to pay the filing fee in full to proceed with the action, after finding Plaintiff is subject to the three strikes bar of 28 U.S.C. § 1915 and did not demonstrate imminent risk of serious physical injury. Doc. 13. Plaintiff seeks reconsideration of the Court's order. Docs. 14, 15.[1]

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented

---

[1] Plaintiff filed identical motions for reconsideration on March 24, 2025, and December 11, 2025.

1

with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citations omitted, emphasis in original).

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Pursuant to the Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff contends that reconsideration is necessary pursuant to Rule 60(b)(1), (b)(2), and (b)(6). Doc. 14 at 2-4. Plaintiff asserts: (1) the Court made a mistake in denying his requests to proceed *in forma pauperis*; (2) there is "newly discovered evidence" regarding "on-going denial of eye drops" and other medical treatment by the defendant; and (3) there is a "need to correct clear error or prevent manifest injustice" because Plaintiff alleged facts sufficient to support his Eighth Amendment claim. *See id.* at 2-4, 7-8. Thus, Plaintiff maintains that he satisfies the imminent danger exception of Section 1915(g). *Id.* at 7-9. He attaches the prior objections and medical records to support his arguments. *See id.* at 11-40.

2

Plaintiff's motion rests predominately arguments considered—and rejected— by the court when it performed a de novo review of the findings and recommendations prior to denying the application to proceed *in forma pauperis*.  *See* Doc. 13 at 2; *see also* Doc. 11.  Plaintiff's mere disagreement with the order, without more, is not an appropriate basis for reconsideration.  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision").

To the extent Plaintiff also argues newly discovered evidence to support his claims, the alleged "on-going denial" of treatment by Nurse Stronach does not show that Plaintiff faced an imminent danger of serious physical injury at the time of filing the complaint.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  Moreover, the court neither screened the complaint nor evaluated the merits of the Eighth Amendment claim.  Arguments related to the sufficiency of the pleadings are unavailing, because the matter will not proceed to the screening stage unless the filing fee is paid.

Ultimately, Plaintiff does not present any new or different facts, circumstances, or evidence such that reconsideration of the prior order would be appropriate under Rule 60(b).  Based upon the foregoing, the Court **ORDERS**:

    1.    Plaintiff's motions for reconsideration are **DENIED**.

    2.    Plaintiff **SHALL** pay the filing fee within 21 days of the date of service of this order.

    **Failure to pay the filing fee as ordered will result in dismissal of this action without prejudice.**

IT IS SO ORDERED.

Dated:   February 3, 2026   _____
                                         UNITED STATES DISTRICT JUDGE

3